**HENG WANG ZHU, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 04–1103–AG.

United States Court of Appeals, Second Circuit.

Feb. 3, 2006.

Gang Zhou, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney, Daniel J. Gibbons, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of the petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Heng Wang ("Zhu") petitions, through counsel, for review of the BIA's decision denying his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history.

Where the BIA affirms and adopts the IJ's decision, this Court reviews the IJ's decision, see *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's factual findings, including adverse credibility determinations under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

The IJ's adverse credibility determination was supported by substantial evidence. The IJ's principal basis for the adverse credibility determination was falsehoods that Zhu apparently told regarding the preparation of his application. Although Zhu argues that the BIA improperly affirmed the IJ's determination, which was based, in part, on contradictory testimony at a hearing that has not been included in the record, the tran-

script of the December 2002 contains admissions by Zhu, confirming that he had testified falsely at an earlier hearing. Thus, the fact that Zhu stated that his application was prepared by a friend in Chinatown, by a person named Pan, and by a person named Gary Meng, is an inconsistency or falsehood which supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

The IJ's adverse credibility determination is further supported by Zhu's misstatement regarding how he remembered the date of his application. The hearing transcript indicates that Zhu stated, "Well, I remember everything that I actually experienced." As Zhu later stated that his attorney told him the filing date and he memorized it, the finding must be upheld as the testimony does not compel a contrary conclusion. *See Zhou Yun Zhang*, 386 F.3d at 73. The IJ also made additional findings of fact that are supported by the record, in that, Zhu was inconsistent as to: (1) the amount of time he was detained by the family planning officials; (2) how his brother knew that he was being sterilized; and (3) his examination by a U.S. doctor to confirm his sterilization.

Zhu has also failed to meet his burden of proof with respect to his withholding of removal claim. *See id.* at 71. Zhu has waived his CAT claim by failing to raise it before this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).